UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY VINCENT MOTO,

                        Plaintiff,

                -against-

BOWERY MISSION,

                        Defendant.

23-CV-4343 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction. By order dated May 25, 2023, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff Anthony Vincent Noto alleges that his claims arose at the Bowery Mission in

Manhattan, between 2014 and 2023. (ECF 2 at 5.) He has been without a home since 2014, and

periodically has stayed at the Bowery Mission. (*Id.*) He alleges that, during his stays at the

Bowery Mission:

> [he] ha[s] encountered the staff living off [his] every word. [They are] following
> and orchestrating [his] movements throughout the church. [He is] grateful for the
> services offered but no resolution or conversation appeared to [him] directly. [He
> is] aware that all volunteer staff all working staff [are] aware of [his] situation.
> Obstruction is occurring and has been for a long time. [He] told them about the
> corruption that had been present due to their actions. They refuse to acknowledge
> and speak to [him] directly instead would rather speak to their guests and allow
> the obstruction to further develop.

(*Id.*)[1]

Plaintiff does not describe any injuries that he has suffered. He sues Bowery Mission,

seeking $5 million in damages.

## DISCUSSION

**A.      Short and plain statement of the claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

---

[1] All grammar, spelling, and punctuation in quoted material is from the original, unless
otherwise noted.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint fails to comply with Rule 8. He does not plead enough factual detail to allow the Court or the defendant to understand what misconduct is alleged to have occurred or why defendant is liable. Plaintiff refers to "corruption" and "obstruction" but does not include facts about what happened that allegedly violated his rights. Plaintiff's allegations thus fail to state a claim on which relief can be granted and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    State action**

Plaintiff invokes the Court's federal question jurisdiction, and the Court therefore construes his complaint as asserting claims against Defendant Bowery Mission arising under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private entity or its employees can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity either willfully participates in joint activity with the state

or performs functions that are entwined with state policies (the "joint action" or "close nexus"

test); or (3) the state has delegated a public function to the entity (the "public function" test). *See*

*Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each

test is whether the challenged actions of the private entity are "fairly attributable" to the state. *Id.*

(citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

  In analyzing whether a private entity acts under color of state law for purposes of Section

1983, the district court begins "by identifying the specific conduct of which the plaintiff

complains," rather than the general characteristics of the entity. *Id.* Here, Plaintiff sues Bowery

Mission, a private entity providing temporary shelter to those without housing.

  Providing housing is not the exclusive province of the state, and district courts have

therefore held that private entities doing so do not qualify as state actors under the public

function test. *See, e.g., George v. Pathways to Housing, Inc.,* No. 10-CV-9505 (ER), 2012 WL

2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost

supportive housing is not a 'public function.'"); *see also Rendell-Baker*, 457 U.S. at 840 (holding

that the fact that an entity receives public funds does not turn private action into state action).

Because the Bowery Mission, in providing temporary housing for Plaintiff, does not qualify as a

state actor, Plaintiff's allegations fail to state a claim under Section 1983. Plaintiff's Section

1983 claim against the Bowery Mission must therefore be dismissed for failure to state a claim

on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Leave to amend

  District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It

appears unlikely that the defects in Plaintiff's complaint can be cured with an amendment.

Because he proceeds *pro se*, the Court dismisses this action with leave to file an amended complaint, within 30 days, if Plaintiff wishes to do so.

Plaintiff is granted leave to amend his complaint to provide factual detail about the basis for his claims and to show that he states a claim upon which relief may be granted under Section 1983 or other federal statute. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will hold this matter open on the docket for 30 days without entering judgment to allow Plaintiff an opportunity to file an amended complaint.

An amended complaint form is attached to this order. Plaintiff's amended complaint, if he chooses to file one, must be submitted to the Pro Se Intake Unit and must bear the docket number 23-CV-4343 (LTS). If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 12, 2023
          New York, New York

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial       Last Name

_____

Street Address

_____

County, City                    State           Zip Code

_____      _____

Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                        Zip Code

Defendant 2:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                        Zip Code

Defendant 3:

First Name                                  Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                        Zip Code

Defendant 4:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.